Brady, J.
A reconsideration of this case has led to the conclusion that the judgment heretofore declared herein is correct, but it results from the failure of the plaintiff so to serve the summons as to acquire jurisdiction. The minor was absent from this state and in Switzerland, where it was served upon him without any order of publication existing. This was unauthorized under the provisions of the Code of Civil Procedure (§§ 426, 427). The failure to apply for an order as to additional service, under the provisions of the last section mentioned, was for these reasons *428 unnecessary, and if made it would not, under the circumstances, have corrected the error suggested. The decision herein, therefore, so far as it embraces that question, was not requisite to the disposition of the appeal. Further consideration of that question leads to this conviction, namely, that when the application is made for the appointment of a guardian, and it appears in the petition that the minor is fourteen years and upwards, it may very well be presumed,, when no order thereto is made, that the court, passing, upon the application, did not consider it necessary to order a further service. This arises from the language of the section that the court may, in its discretion, with or without an application therefor, make an order requiring a copy of the summons to be delivered to some person designated in the order. The judgment pronounced must be sustained but for the- reasons now stated. '
Order affirmed, with ten dollars costs and disbursements., Van Brunt, P. J., concurs.